## HOFFMAN v SANDUSKY PACKING CO

Ohio Appeals, 6th Dist, Erie Co

No 397. Decided April 17, 1933

Krueger, Rosino & Moore, Sandusky, for plaintiff in error.

King, Flynn & Frohman, Sandusky, for defendant in error.

WILLIAMS, J.

The defendant could get no title to plaintiff's sheep by purchasing them from the thief and, as they were retained by the defendant and not returned to plaintiff, the plaintiff could recover by proving that he was the owner of the sheep at the time of the alleged conversion. We have no hesitancy in reaching the conclusion that the verdict for the defendant was manifestly against the weight of the evidence.

Did the court err in his rulings on the admission and rejection of evidence?

While Smith was on the witness stand, court adjourned during the noon hour and during the adjournment Mr. Krueger, attorney for plaintiff, had some conversation with the witness regarding the refreshing of his memory from a certain paper. Upon cross-examination of this witness after court had resumed its session, Mr. Flynn, one of the attorneys for the defendant, cross-examined the witness regarding this conversation, and one of the questions put to the witness was: "And what did he (Krueger) tell you to do?" The answer to the question is harmless and nothing was elicited from the witness which indicated that anything bordering upon impropriety upon the part of counsel had taken place. Therefore no error resulted from this line of questioning. While we are satisfied that counsel for the defendant did not intend to put a question of doubtful character, yet the nature of the question quoted was such as to carry an imputation or an insinuation with it. Of course, counsel cross-examining always has a right to interrogate a witness, not a party, regarding his conversations with counsel for the party that calls him; otherwise improper conduct could not be disclosed. On the other hand, such cross-examination should always be free from imputation and insinuation against opposing counsel, at least until some wrongdoing has been disclosed. It is the duty of counsel to interview the witnesses whom he expects to call, and it is common practice among the most honorable members of the bar to do so. Such interviews, however, should be conducted in a manner above reproach, and are presumed to be carried on in this way until the contrary appears and until some breach of ethics in this respect has been disclosed by the evidence, counsel who cross-examines the witness should only be permitted by the trial judge to put questions of the nature of those under inquiry in such form and in such manner as to cast no reflection upon opposing counsel whose conduct in interviewing a witness is not disclosed to have been out of accord with ethical practice.

During the course of the cross-examination of the same witness, he was asked if he had not told the truth in the conversation at the jail before referred to. Such a question is objectionable. A witness is always sworn to tell the truth and whether the question as to his having done so refers to his testimony on the witness stand or to conversations out of court, it is improper as it usurps the function of the jury. Whether any witness tells or has told the truth is a question solely for the determination of the jury. The nature of the answer, however, was such that no prejudice resulted to plaintiff.

It is also contended that the court erred in excluding Exhibit A. This exhibit is an affidavit showing the dates of the delivery of 38 lambs to the defendant and contains their prices and weights and is sworn to by Wesley Smith before a notary public. Had it been offered by the defendant as a part of the cross-examination of Smith, after reference had been made to it by such witness so as to identify it, or had it been offered in impeachment of him in the course of the defense after proof of signature, a different question would have arisen, but here the plaintiff himself offers an affidavit of a witness called by him. The court properly excluded it from evidence.

Did the court err in charging the jury?

It is contended by counsel for plaintiff that the court erred in charging as follows:

"If you find from the evidence, that any witness has wilfully testified falsely on any material fact, in the case, and is not corroborated as to such fact, by other creditable evidence, in the case, you are at liberty to disregard the whole or any part of the testimony of such witness. It should, however, clearly appear that the witness has knowingly and wilfully testified falsely as to some material fact, before you would be justified in rejecting his entire testimony, for of course, a witness might be mistaken as to some of his statements and be wholly truthful as to other statements."

The rule governing the giving of this charge is stated in **Mead v McGraw, 19 Oh St, 555.** There is a later pronouncement of the rule in **Dye v Scott, 35 Oh St, 194, 201.** We think the rule is incorrectly stated in the charge in two respects. It would be better to use the word "credible" in the stead of the word "creditable." In our

judgment it would not be necessary to prove clearly that the witness had wilfully and knowingly testified falsely to some material matter before the court would be justified in rejecting his entire testimony where there was other testimony in conflict therewith. It would be sufficient that the jury found from the evidence that the witness had knowingly and willingly testified falsely with reference to some material fact. Clear proof thereof would not be required.

There remains, however, the question whether the charge was pertinent under the evidence. In our judgment, the giving of it constituted prejudicial error as against the plaintiff for the reason that there is no evidence tending to prove that any witness in the cause had knowingly and wilfully testified falsely on any material fact. The whole defense was directed against the witness Smith and the claim was made that he was a perjurer who could not be believed. This attack is continued in this court in the argument of counsel for the defendant and in their brief. It is true that Smith had pleaded guilty to a charge of felony and we are confronted with a peculiar situation in that he is the only witness who knows the vital facts upon which the case turns. The only way in which he is impeached, aside from his admission of burglary and theft, is by the testimony of Manaugh quoted above. It was not material whether the lambs were stolen from Hoffman's barn or from the field, as in either case the rights of the parties would be the same; nor is it of consequence or material that Smith sold lambs at Wakeman, as lambs other than those involved in this case were stolen by Smith; nor is it material that some of the lambs sold to defendant had been taken from Huron County, as some of the lambs sold to the defendant had been stolen from parties other than plaintiff. It is also true that the testimony of Smith was corroborated by Hoffman in testifying to the 120-pound yearling and the defendant admitted that a 120-pound yearling was purchased from Smith. There was no evidence tending to contradict this corroborating evidence. Therefore the question whether testimony of witness Smith was uncorroborated was not one properly to leave to the jury.

The court also charged the jury that the plaintiff could recover from the defendant for lambs stolen from him and sold to the defendant for the reason that

"Smith, having stolen said lambs from plaintiff, could not transfer a valid legal title in and to said lambs to the defendant."

Immediately following the part last quoted, the charge continues:

"This principle is based upon the reasoning that where one of two innocent parties must suffer, for the fraud of a third party, the loss should fall on the party who enabled such third party to commit the fraud."

In our judgment this latter principle as stated was erroneous and prejudicial to the plaintiff. A charge should be in the concrete and not in the abstract, and the jury could not tell from the language employed who the innocent party was who enabled Smith to commit the theft. The jury might have drawn the inference that it was Hoffman who did so, by leaving the lambs unguarded or unsecured.

In our judgment there are other parts of the charge which are erroneous, but not prejudicial to plaintiff. We feel however, that it is our duty to call attention to them. Where the burden of proof is on the plaintiff, the plaintiff fails if the burden of proof is not sustained by a preponderance of the evidence. Where the plaintiff has the burden of proof, he fails when the evidence balances. The charge fails to state the latter principle.

Counsel for plaintiff in their brief say: "The other elements in the case were admitted by the defendant with the possible exception of value, which was a question for the jury. Under this state of facts the verdict should be for the plaintiff in such an amount as the jury found to be the reasonable market value."

With reference to this statement let it be said that we have considered only matters which were specified in the brief, as required by statute, and presented by the record through proper objection and exception upon the trial of the cause.

For the prejudicial errors specified, the judgment will be reversed and the cause remanded for a new trial.

RICHARDS and LLOYD, JJ, concur.